Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210914-184704
DATE: October 29, 2021

REMANDED

Entitlement to service connection for bilateral hearing loss (BHL) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1966 to May 1968.

In September 2021, the Board of Veterans' Appeals (Board) received a VA Form 10182, Decision Review Request: Board Appeal electing the Direct Review docket to review a June 2021 rating decision by a VA Agency of Original Jurisdiction (AOJ). The Veteran listed the issue on appeal as entitlement to service connection for tinnitus and cited to the June 2021 rating decision. See September 2021 VA Form 10182. However, the June 2021 rating decision only addressed the issue of entitlement to service connection for BHL. The Veteran's submitted a statement with his VA Form 10182 in September 2021 containing argument regarding the issues of both BHL and tinnitus. See September 2021 Veteran statement. Pursuant to 38 C.F.R. § 20.202(a), which states that the Board will construe arguments in a liberal manner for purposes of determining the issues with which the claimant disagrees, the Board finds that entitlement to service connection for BHL is on appeal in the instant decision.

Notably, the Veteran was granted service connection for tinnitus in a subsequent October 2021 rating decision. See October 2021 rating decision.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claim for further development, this additional evidence will be considered by the AOJ in the adjudication of the claim.

The Veteran has a diagnosis of BHL and exposure to hazardous noise while in service has been conceded. See June 2021 rating decision favorable findings. 

The Veteran attended a VA examination in June 2021. The examiner opined that the Veteran's BHL was not at least as likely as not related to his active service. See June 2021 VA examination report. The examiner provided the following rationale: "There is no significant permanent shift in hearing thresholds beyond test variability from entrance audiogram on 6/9/1966 to separation audiogram on 5/22/1968, which is objective evidence of no permanent auditory damage on active duty from conceded noise. There is no report of complaint/treatment for hearing decrease in STRs while on active duty or at separation. Although noise exposure is conceded and the relationship of noise, auditory damage and hearing loss is well-established, auditory damage and hearing loss are not conceded based on noise alone. There must be a nexus of auditory damage to relate current hearing loss to military noise and not another etiology. The evidence is against a nexus in this case." Id. 

However, the absence of hearing loss during service and at separation from service is not fatal to a claim for service connection and may not serve as the sole basis for a negative opinion. See Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

To be adequate, a medical opinion must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. McCray v. Wilkie, 31 Vet. App. 243, 256 (2019). Here, the June 2021 examiner's rationale was exclusively that the Veteran's hearing was within normal limits at entrance and separation with no significant threshold shifts. Again, the Board notes that hearing loss need not manifest during service in order for an award of service connection to be granted and an adequate medical opinion "must opine as to whether or not any current hearing disability can be related to in-service noise exposure, not whether hearing loss was demonstrated in service." Hensley v. Brown, 5 Vet. App. 155, 164 (1993). While the VA examiner noted the Veteran had normal hearing at entrance and separation and did not have a "significant shift in hearing thresholds beyond test variability," the examiner did not opine on whether his conceded noise exposure in service caused his current hearing loss. See June 2021 VA examination report.

Additionally, since the Veteran's induction audiometry was conducted in June 1966, the Board will presume it was recorded using American Standards Association (ASA) units. However, the Veteran's May 1968 separation audiometer is unclear whether such thresholds were recorded using ASA units or International Standards Organization-American National Standards Institute (ISO-ANSI) units. As such, the Board will consider the recorded metrics under both standards, relying on the unit measurements most favorable to the Veteran's appeal. As it relates to VA examinations and VA records, audiological reports were routinely converted from ISO-ANSI results to ASA units until the end of 1975 because the regulatory standard for evaluating hearing loss was not changed to require ISO-ANSI units until September 9, 1975.

In light of the above, and where necessary to facilitate data comparison for VA purposes in the decision below, including under 38 C.F.R. § 3.385, audiometric data originally recorded using ASA standards will be converted to ISO-ANSI standard by adding between 5 and 15 decibels to the recorded data as follows:

 

Hertz 250 500 1000 2000 3000 4000 6000 8000

add 15 15 10 10 10 5 10 10

The Board emphasizes that a correct evaluation of service audiometric findings requires that the ASA standard be converted to the ISO-ANSI standard. Such conversion could impact whether the Veteran had BHL or a significant threshold shift in service.

As it is unclear which standard was used at separation in May 1968, and the June 2021 VA examiner did not explain whether conversion to ISO-ANSI standards would indicate a significant threshold shift, the June 2021 VA opinion is inadequate and a new etiology opinion must be obtained.

Thus, the Board finds remand is necessary as the June 2021 opinion does not meet the standard set forth in Hensley. Given the above, the Board finds that remand is warranted in order to afford the Veteran with an adequate opinion regarding the nature and etiology of his BHL. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate). As this constitutes a predecisional duty to assist error, remand is appropriate.

The matters are REMANDED for the following action:

1. Obtain an opinion from an appropriately qualified clinician to determine the nature and etiology of the Veteran's BHL. The evidentiary record, including a copy of this remand, must be made available and reviewed by the clinician. The opinion should include a notation that this record review took place. It is up to the discretion of the reviewing clinician as to whether a new examination is necessary to provide an adequate opinion.

After the record review, and examination if deemed necessary, the reviewing clinician is asked to respond to the following inquiry:

Is it at least as likely as not that the Veteran's BHL was incurred in, or is otherwise related to, his time on active service, to include conceded noise exposure therein?

Further, the clinician is to discuss the June 1966 and May 1968 audiometry charts. Specifically, the clinician is to discuss which standard (ASA or ISO-ANSI) was used and make the appropriate conversions in rending the opinion where necessary. If it is unclear which standards were used, the data is to be considered under both ASA and ISO-ANSI standards, and the clinician should discuss whether the Veteran had hearing loss or significant threshold shifts in service under both standards.

In rendering this opinion, the reviewing clinician is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the reviewing clinician rejects the Veteran's reports, he or she must provide an explanation for such rejection. The reviewing clinician is not to improperly discount the Veteran's lay statements or mistakenly rely on an absence of medical evidence in the record to support his or her conclusions.

The complete rationale for all opinions should be set forth and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

(Continued on the next page)

 

If an opinion cannot be provided without resorting to mere speculation, the reviewing clinician must provide a complete explanation for why an opinion cannot be rendered. In so doing, the reviewing clinician must explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Katie Poe, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.